COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      George Wood v. Matthew D. Wiggins, Jr.

Appellate case number:    01-18-00630-CV

Trial court case number:   11-CV-0336

Trial court:              405th District Court of Galveston County

Appellant, George Wood, filed his notice of appeal on July 5, 2018, from the trial court's June 6, 2018 final judgment with findings of fact and conclusions of law following a bench trial in this real property case. The clerk's record was filed on September 24, 2018, and eight volumes of the reporter's record were filed on January 21, 2019, by the court reporter, Cylena Korkmas, setting appellant's brief due by February 22, 2019. *See* TEX. R. APP. P. 38.6(a)(2).

On February 21, 2019, appellant filed an "Unopposed Motion to Extend Time for Appellant's Brief to Allow the Court Reporter to File Exhibits Omitted from the Reporter's Record," and an "Unopposed Motion for Order to Supplement Reporter's Record." Appellant's counsel contends that more time is needed to file appellant's brief because although all eight volumes of the reporter's record were filed, several trial exhibits, including Wood Exhibits 29-33, were missing from Volume 8 of the reporter's record and are needed to file his brief. *See* TEX. R. APP. P. 38.6(a)(2), (d). Appellant's counsel stated that he had already requested supplementation of the missing exhibits from the court reporter, but Ms. Korkmas informed counsel "that such supplementation would be difficult as all the voluminous exhibits were scattered and would have to be reassembled and scanned" because "the trial court [had] t[a]k[en] the record out of chambers for review at home." TEX. R. APP. P. 34.6(d).

After reviewing Volume 8 of the reporter's record, it appears that Wood Exhibits 29-33, as well as Wood Exhibits 38 and 40, were not included. Texas Rule of Appellate Procedure 34.6(d) provides that, "[i]f anything relevant is omitted from the reporter's record, the trial court, the appellant court, or any party may by letter direct the official court reporter to prepare, certify, and file in the appellate court a supplemental reporter's

record containing the omitted items." TEX. R. APP. P. 34.6(d). Rule 34.6(e)(2) provides that, "[i]f the parties cannot agree on whether or how to correct the reporter's record so that the text accurately discloses what occurred in the trial court and the exhibits are accurate, the trial court must—after notice and hearing—settle the dispute," and if there is "any inaccuracy, it must order the court reporter to conform the reporter's record (including text and any exhibits) to what occurred in the trial court, and to file certified corrections in the appellate court." TEX. R. APP. P. 34.6(e)(2). Rule 35.3(c) provides that this Court "must allow the record to be filed late when the delay is not the appellant's fault, and may do so when the delay is the appellant's fault." TEX. R. APP. P. 35.3(c).

Accordingly, the Court construes appellant's "Unopposed Motion for Order to Supplement Reporter's Record" as a motion to abate and **GRANTS** it. This appeal is **ABATED** and **REMANDED** to the trial court for a hearing to determine whether the reporter's record filed in this Court, specifically the missing Wood Exhibits 29-33, 38, 40, and any other missing exhibits in Volume 8, is accurate. If there is "any inaccuracy," the trial court must issue findings of fact and conclusions of law and "must order the court reporter to conform the reporter's record (including text and any exhibits) to what occurred in the trial court, and to file certified corrections in the appellate court." TEX. R. APP. P. 34.6(e)(2).

The court coordinator of the trial court shall set a hearing date **within 30 days of the date of this order** and notify the parties and the court reporter, **Cylena Korkmas**. The trial court shall have a court reporter record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings of fact and conclusions of law, if any, and any orders with the Clerk of this Court **within 10 days of the date of the hearing**. The court reporter is directed to file the supplemental reporter's record of the hearing **within 10 days of the date of the hearing**.

If the court reporter, **Cylena Korkmas**, files an extension motion or the supplemental reporter's record with the missing Wood Exhibits 29-33, 38, 40, and any other missing exhibits in Volume 8, with the Clerk of this Court **no later than 10 days from the date of this order**, this Court may reconsider and withdraw this order.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. This appeal will be reinstated on this Court's active docket when the supplemental clerk's record, supplemental reporter's record, and abatement hearing record, if any, are filed in this Court. Appellant's motion for extension of time to file his brief is **denied without prejudice** to refiling after this appeal is reinstated.

It is so ORDERED.
Judge's signature: ___/s/ Laura Carter Higley_____

            ☒ Acting individually    ☐ Acting for the Court

Date: ___February 26, 2019____